No CV-30

FILED

AEllis D'Artisan
℅ 3497 Coastline Pl
San Diego, CA 92110
obtenebrix@protonmail.com
(808) 800.7477

2023 DEC 26 PM 3: 07

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
SANTA ANA

BY ____ IFP Submitted

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AELLIS D'ARTISAN,<br><br>             Plaintiff,<br><br>vs.<br>WOODS COVE ART STUDIO AND GALLERY LLC, TONY COX;<br><br>             Defendants. | Case No.: 8:23-CV-02468-JWH-KESx<br><br>**VERIFIED COMPLAINT**<br><br>**1: BREACH OF CONTRACT**<br>**2-22: COPYRIGHT INFRINGEMENT(S)**<br>**23: LIBEL**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

Defendants reside and conduct business within Orange County, California. Plaintiff is a resident of San Diego County. All related events occurred within Orange County, California, with all parties within Orange County California & residing within Orange County California at the time(s) the causes of action commenced, with

VERIFIED COMPLAINT - 1

defendants continuing such unlawful conduct after plaintiff relocated to San Diego county. The subject contract was both entered into and breached within Orange County, California. The principal amount of damages sought in this complaint exceeds $25,000. This court has jurisdiction to hear and determine the claims for statutory damages in the copyright infringement claims under 17 USC 106 and it is appropriate to exercise this jurisdiction with the state tort claims arising from the same sequence of events, related & extended actions by the defendants and defendants have previously expressed a preference to be heard on these matters in federal court.

## FACTUAL BASIS

Plaintiff and defendants were neighbors with parallel business efforts in the summer of 2021. Defendant Tony Cox is and or was employed as "general manager" according to his business cards & personal statements with full operational control over the retail location of defendant Woods Cove Art Studio and Gallery LLC ("WC" or "gallery"). Defendant Cox entered into a number of verbal contracts with plaintiff over the months that followed but repeatedly refused to commit any of these contracts to writing while receiving the agreed contracted services from plaintiff. When pressed to provide a written contract, Cox offered diverse excuses to postpone execution of any written contract, but continued to seek and request additional and increasing labor and professional services and assistance from plaintiff, displayed some fine art pieces crafted by plaintiff for sale in the gallery as agreed, but not in accordance with those same agreements with the plaintiff who grew exasperated with Cox's constant excuses and delays in drafting the contract and whimsical deviations from the agreed showings of the pieces in question. As a result, plaintiff expended significant time and efforts upon defendants' business and enterprise without actual compensation by defendants as

VERIFIED COMPLAINT - 2

promised by defendant Cox on behalf and as manager for defendant Woods Cove Gallery. In fact, in several instances, plaintiff was out of pocket personal expenses including food and gas that Tony Cox promised as general manager would be reimbursed by defendant gallery & Rob Hoover, its managing partner, as well as plaintiff's own time, effort, professional skills, tools, and resources, none of which were never reimbursed or compensated to plaintiff in any form, contrary to the repeated promises and assurances by defendant Cox as general manager on behalf of the defendant gallery. In addition Cox deliberately & repetitively sabotaged sales of plaintiff's fine art works at the gallery such that they never transacted despite multiple requests and inquiries from prospective buyers who wished to buy plaintiff's shown work, a fact reported by multiple witnesses, all of whom also report that in each instance Cox made excuses, refused to sell the piece, said it wasn't ready which statement was a deliberate lie, that the artist (plaintiff) was unavailable which was a deliberate lie, or that Cox did not have or know the artist's agreed asking price which was a deliberate lie, and in each case attempted to convince the interested and likely buyer to consider buying other pieces in the gallery priced ten times or more higher than plaintiff's work, which each buyer declined and left the gallery.

Between September and November 2021 defendant Cox, as general manager for defendant WC, requested plaintiff take a number of photographs of works of another artist showing at the gallery, Nicholas Hernandez, for use by both defendants in promoting another artist shown at WC's retail location. Defendant Cox made a number of binding verbal contracts on behalf of himself and the gallery and provided the plaintiff with repeated assurances that in exchange for the photos and their use, plaintiff would receive proper accreditation, promotion, and marketing for their use by him and Wthe gallery that included internet hyperlinks in all uses to plaintiff's photography business sites, as partial compensation for the preparation and provision of these images to the gallery. Nicholas Hernandez was unaware of defendant Cox's intention, offer, or any terms and was not a party to the contract but has suffered loss from Cox's misconduct.

VERIFIED COMPLAINT - 3

The verbal contract entered by Tony Cox, as general manager and representing WC provided WC a limited commercial use licensing agreement for plaintiff's copyrighted work product, so long as defendants posted the proper credit tagline on all images, and defendants were to reciprocate and compensate plaintiff for those images, skill, and efforts by promoting and marketing plaintiff's related business thru the public use & credited publication of those images. In return, defendants received images without branding or watermark identifying their maker on or about November 30, 2021 by email[1]. At no time was there any express or implied transfer of copyright ownership. There was never any discussion or agreement that could be construed in any fashion to have transferred copyrights of any sort to defendants at any time. Copyrights were in fact transferred to and registered to the Obtenebrix Family Trust and remain so as a matter of record. The trustee of which has been informed as of November 2023 of the gallery's misuse and violations of those copyrights.

Defendant Cox as manager of WC published and displayed twenty (20) of the work product images provided by plaintiff on the WC website[2], without the provided tagline credit as agreed and required in the licensing agreement Cox solicited and entered into as a binding verbal contract with plaintiff. In doing so he breached their binding verbal contract and violated the defendants' express limited licensing agreement for use of those same images, some of which are and were displayed in multiple instances on WC's website and which remained publicly displayed and accessible well into and thru February 2023. Each instance of the display of those images absent the provided and hyperlinked tagline credit is an express violation of plaintiff's copyright and the licensing agreement for the use of those images. Each work and instance results in minimum actual damages to plaintiff as well as statutory damages to the copyright holder for each act of

---

[1] Exhibit #B, attached.
[2] woodscoveart.com

infringement. Plaintiff has standing to raise a claim of copyright infringement as a beneficiary of the Obtenebrix Family Trust.

A product photography image similar to those acquired by Cox & WC generally at minimum costs two hundred fifty dollars ($250) for production and license for commercial use from a professional photographer in other markets, with rates of five hundred ($500) or more per image being more common for similar location and intended use, with a base floor of five hundred dollars ($500) being typicall for any professional quality image intended for commercial use and promotion of a commercial product, including a book cover or reproducible art, for example making quality print reproductions for sale. For comparison, market rates for the images provided vary based on a number of factors. In the calendar year 2021, it was normal and typical countrywide to pay anywhere from thirty five to one hundred seventy dollars ($35-170) per image for similar product photography when purchased in bulk, or five hundred dollars ($500) or more per image if purchased individually or in small quantities. Prices in the location relevant to these events as well as the subject matter are substantially higher than these prevailing market prices for equivalent product images as these photos are & were used by defendants due to demand and commercial value of the images in promoting and selling artwork in the well known art destination, warranting reasonable consideration of actual damages as high as fifteen hundred  dollars ($1,500) per image used.

Plaintiff is a professional photographer with the appropriate skills, experience, and equipment to charge and receive these rates. At no time has plaintiff ever been an employee of the defendants, nor are or were the works defendants' property.

Under the Copyright Act of 1976, any original work of authorship fixed in any tangible medium of expression receives copyright protection. This protection attaches to the work as soon as it has been "fixed" by being written down, recorded, or embodied in a stable and permanent way. This includes photographic images. Section 504 of the Copyright Act designates base statutory damages in an amount from seven hundred fifty

($750) to thirty thousand ($30,000) dollars for each act of infringement upon an owner's copyright. Each individual work attaches separate copyright. Twenty separate images and works, with a registered copyright in favor of plaintiff, delivered to defendants, and used by defendants outside of the provided license and in violation of their contract and in violation of plaintiff's copyright, for commercial purpose: the advertisement of fine art for retail sale. A minimum of twenty separate instances of copyright infringement by the defendants as all twenty images were listed, without the required tagline or hyperlink on defendant WC's public retail website, some images shown more than once. In doing so, the defendants violated 17 USC 504 by unlawfully disseminating copyrighted works to the public and by displaying the copyrighted works in a public fashion outside of any licensing agreement.

These same images were posted, published, and displayed by defendants for commercial use on their public commercial retail site, at http://woodscoveart.com in a composite slideshow composed of multiple infringing images[3] and at http://woodscoveart.com/collections/detail/nicholas-hernandez where all twenty images were individually displayed without the required credit or referring hyperlink. These images were displayed for a year or more as shown in Exhibit #A and were never shown with the proper tagline credit as provided to defendant Cox by email with the original images themselves attached to that same email[4] or the required referring internet hyperlink to plaintiff's photography business(es). Therefore defendants have made deliberate unlawful commercial use of these twenty copyrighted works in violation of extant law and for their intended pecuniary gain and sustained that misconduct for many months despite legal notices they were in violation of the law, plaintiff's rights, and forbidden to so act, and they continued such display for month after the commencement of legal suit for damages for this exact same misconduct. In addition, one of the defendants or a party acting on their behalf and at their direction created an additional

_____

[3] Exhibit #A, attached.

image, the twenty-first such, by compositing a combination of the original 20 images and displayed that unauthorized composite, a clear unlawful derivative of plaintiff's acknowledged professional work product, as a prominent banner on the gallery website without plaintiff's knowledge, consent, or authorization, a willful and deliberate breach of contract, theft of service, theft of intellectual property, and violation of copyright as there was no agreement for defendants to make any modification to any image except for any necessary adjustment of size to display on the gallery website. Such willful infringement of copyright by a corporate entity permits this court to increase the statutory damages to as much as one hundred fifty thousand dollars ($150,000) per individual work infringed pursuant 17 USC 504 as well as determination of a punitive award for egregious misconduct by the defendants for pecuniary gain.

In addition, defendants were in deliberate breach of the oral contract with plaintiff made by defendant Cox established as general manager of WC on behalf of defendant WC from December 2021 thru February 2023, as the subject images were never used as agreed but were used outside of an actual contracted agreement permitting their limited and conditional use but not permitting defendants' modification of the images as used.

Following discovery of defendants' willful breach of contract and infringement upon plaintiff's copyright in regards to the subject images and on or about December 29 and 30, 2021 plaintiff made an immediate cease and desist demand in person upon defendant Cox, on behalf of both defendants, requiring defendants abide by the contracted terms of the images's use. Defendant Cox promised that these errors would be corrected and that the corrections would occur on Monday January 3, 2022 as he lacked access and ability to do so himself any sooner. When that did not occur, plaintiff again confronted defendant Cox in person on the issue and defendant Cox repeated his false assurances the matter would be corrected. Plaintiff immediately followed this demand up with a written invoice sent to defendant Cox on behalf of both defendants for provision of

VERIFIED COMPLAINT - 7

immediate licensing of the images as used[4]. Defendants ignored this invoice and its reminders on subsequent days, refused to pay the invoice, refused to respond to the invoice, and refused to make the required corrections to the posted images. The invoice remains outstanding and unpaid. The images remained published until February 2023.

Defendants continued to display the images in question without the provided tagline or hyperlink required to credit them under the parties' binding verbal contract for their license and use by defendants throughout the publication and use of the subject images. Plaintiff and Rob Hoover conversed at length before witness(es) on or about October 7, 2021 and November 4, 2021 regarding the general incompetence, shortcomings, and repetitive failures of defendant Cox as manager of WC, which same are general public knowledge, and Mr Hoover acknowledged but claimed "what other choice do I have to manage the gallery." Rob Hoover and WC continued to enable, empower, and thereby encourage defendant Cox's unlawful & escalating misconduct.

After multiple legal notices to defendants to cease and desist from ALL display or use of any image or work product of plaintiff's pending completion of all related litigation, and while that same litigation had commenced on these copyright violations in state court[5], and defendant(s) had stated to plaintiff that "no" images were any longer published or publicly displayed, a third party referral to plaintiff resulted in the discovery by plaintiff on June 4, 2022 that at least seventeen (17) of the original copyrighted images remained on public display, never taken down, all published, readily available, and viewable to the public. These images could be located with ease by a simple Google search of plaintiff's name with or without mention or inclusion of the gallery. These images in fact remained on public display on the gallery's website for the entire world to view still not properly credited or linked to plaintiff's business(es) as required under the parties's undisputed and binding oral contract thru February 2023. The destination url

---

[4] Exhibit #C, attached.
[5] state action terminated in favor of this action for unaddressed persistent misconduct by defendants.
VERIFIED COMPLAINT - 8

address of these seventeen images is indisputably defendant gallery's own website[6]. The gallery's copyright infringement and unlawful unlicensed publication & use of plaintiff's copyright protected images had never ceased and was an ongoing offense by defendants, for which reason additional legal notice was given to defendants thru their legal counsel, Michaela L. Sozio, on June 6, 2022, with an opportunity for defendants to correct their ongoing violation(s) and or settle these claims. Plaintiff received no indication of any such action(s) or resolution from defendants or their purported counsel prior to commencement of this action and thus their copyright infringements and breach of contract are believed to continue, despite active litigation for those very same unlawful actions and following not less than three distinct and separate lawful notices to cease all such unlawful activity, and even while such unlawful activity was in active litigation before the Orange County superior court.

Following reasonable legal notices to the defendants and Rob Hoover as controlling member of WC intended to encourage resolution of the above matters without the necessity of further formal legal proceedings, defendants began a public misinformation campaign against plaintiff. One or more of the named defendants published a public statement of fact on a Google service as the "owner" of WC that was false, unprivileged, and caused harm to plaintiff's reputation and had a chilling effect on

---

[6] Exhibit #E, attached, and the following urls, accessed June 4, 2022, June 5, 2022, June 10, 2022, December 28, 2022: http://woodscoveart.com/collections/gallery-detail/buddha
http://woodscoveart.com/collections/gallery-detail/buddha-1
http://woodscoveart.com/collections/gallery-detail/cookie
http://woodscoveart.com/collections/gallery-detail/cookie-1
http://woodscoveart.com/collections/gallery-detail/cookie-2
http://woodscoveart.com/collections/gallery-detail/lila-mars
http://woodscoveart.com/collections/gallery-detail/lila-mars-1
http://woodscoveart.com/collections/gallery-detail/lila-mars-2
http://woodscoveart.com/collections/gallery-detail/lotus http://woodscoveart.com/collections/gallery-detail/lotus-1
http://woodscoveart.com/collections/gallery-detail/lotus-2
http://woodscoveart.com/collections/gallery-detail/meditation
http://woodscoveart.com/collections/gallery-detail/meditation-1
http://woodscoveart.com/collections/gallery-detail/meditation-2
http://woodscoveart.com/collections/gallery-detail/radi-angel
http://woodscoveart.com/collections/gallery-detail/radi-angel-1
http://woodscoveart.com/collections/gallery-detail/radi-angel-2

VERIFIED COMPLAINT - 9

other business dealings between plaintiff AEllis and other nearby artists and galleries. This has resulted in additional actual damages to plaintiff as a result of other galleries severing ties and consideration of showing plaintiff's work due to the dispute with WC and WC's refusal to accept responsibility, admit fault, or make good on its errors in its business dealings with plaintiff and the resulting stigma associated with plaintiff due to the subsequent deliberate slander of plaintiff by defendant Cox and WC. The town of Laguna Beach remains the demesne of a large number and wide spectrum of artists and art galleries, several of which frequented by or associated with plaintiff, but unwilling to contract business with plaintiff based on assertions by one or more defendants herein. The majority of defendant(s)'s publication[7] was false for stating:

> *"...a former artist who has harassed one of our employees and others since we do not wish to present his work at our gallery. We don't steal from artists or anyone."*

This deliberate false statement remains posted today, and ongoing act of libel which has caused plaintiff to suffer ostracization and be avoided by other professional artists in the local community and forcing him to seek other venues to promote his work outside of the Laguna Beach community. WC exacerbated this harm by mandating that all artists showing work at WC have no contact or association with plaintiff, a fact communicated to plaintiff by no less than three artists who continued to show at WC and who as a result of Rob Hoover's mandate have still refused contact or association with plaintiff over this dispute. The facts relevant to this false published and unprivileged statement by WC are as follows: defendant Cox was at all times resistant to showing any of plaintiff's work, even after that work was shown to be responsible for a large degree of foot traffic into the gallery because of its initial prominent sidewalk placement. Cox was resistant to such a degree that he repeatedly refused to provide any written contract whatsoever between plaintiff artist and the gallery,

---

[7] Exhibit #D, attached. First image. https://goo.gl/maps/xiyeUay9ceW5DSDBA January 26, 2022.
VERIFIED COMPLAINT - 10

for weeks refused to even post the required label with the artist's name and price of the pieces for sale, which same neglect resulted in documented repeated lost sales for both WC and plaintiff; when one piece in particular[8] of plaintiff's garnered significantly more attention and interest from visitors to the gallery but at a lower price point than Cox hoped to sell other pieces by other artists whom Cox favored for their prices as much as ten times plaintiff's own asking prices with commensurately greater commissions to Cox upon sale, defendant Cox took increasing efforts to sideline and conceal plaintiff's fine artwork from visitors to tjhe gallery, placed that artwork in unlit areas that would diminish its impact, appearance, and visibility, and later further concealed it under a plastic tarp in partial sight and later behind other pieces in storage out of any sight of visitors, which same treatment resulted in damage to that same piece, while Cox continued to display less captivating and engaging pieces of plaintiff artist's works on the gallery walls with incorrect information alongside works of lower quality and interest; that beginning in late December 2021 after discovery of defendant Cox's failure to perform as agreed in regards the publication of the images central to the original dispute, subsequent and in partner with months of deception and nonperformance by defendant Cox in all of his dealings with plaintiff up to that point, including issues of labor and compensation as yet unreimbursed to plaintiff at any time whatsoever but promised by defendant Cox on behalf of himself and WC, plaintiff did make a reasonable personal demand of defendant Cox no more than once per day and more often once in three or more days that defendant Cox perform as agreed in full or provide immediate compensation for plaintiff's intellectual property and work products misused by defendants Cox and WC; that plaintiff at no time harassed anyone else employed by WC; that plaintiff withdrew his art without notice from where they were displayed and or concealed in the gallery on the evening of January 6, 2022 after learning that the

---

[8] *"Peekabo Cabana Sunrise" L.Ed.#2*

VERIFIED COMPLAINT - 11

controlling member of WC[9] with whom plaintiff had hoped to discuss and resolve the issues at hand in person related to defendant Cox's chronic and perpetual misconduct would not be in attendance despite that member (Rob Hoover)'s specific knowledge that there were pressing matters of concern regarding the gallery's deliberate mismanagement by Cox; that defendants do not steal from artists, where unauthorized use of intellectual property and plaintiff's acknowledged work product as well as copyright infringement by defendants is theft of property as a matter of law, where deceptive practices by defendant Cox to induce uncompensated professional services and skilled labor from plaintiff on behalf of defendant WC or himself is likewise theft, where defendant Cox misrepresents or has misrepresented time(s) worked at the gallery for his own payroll purposes to WC and in return receives or received pecuniary gain for time(s) not worked, in effect stealing from defendant WC much the same WC misreports Cox's & other's employment to the state of California[10] to avoid paying full required employment costs, and as Cox manipulated and stole time and efforts from plaintiff on a repetitive basis via numerous false and unfulfilled knowing false representations to plaintiff.

This deliberate false unprivileged publication on Google has at all times been within defendants' ready access and control to edit or remove yet it remains published at the time this complaint was written and submitted to this court, an ongoing act of libel.

Plaintiff first discovered the false statements in the publication noted in Exhibit #D attached hereto on January 21, 2022. Plaintiff immediately took a screen capture photograph of the false statement and sent it by SMS text message direct to Rob Hoover, controlling member of WC, with a demand that such false statements cease and desist immediately. Plaintiff revisited the same Google post on January 24, 2022 & December

---

[9] Rob Hoover.

[10] In the course of related litigation plaintiff learned WC falsely reports Cox as a 1099 contractor despite his duties and role clearly being that of a W2 hourly wage employee under state and federal employment law, illustrating habitual dishonesty in all their business dealings.

6, 2023 and discovered it intact and unchanged, an ongoing act of libel with ongoing injury to plaintiff's professional reputation as an artist.

Google notes that this act of libel had been viewed "more than 500 times" by persons utilizing Google searches since it was posted and published by defendant(s) in their ongoing and active act of libel & deliberate defamation against plaintiff. An act of libel & defamation for which they were already engaged in defending in an active lawsuit and had been repeatedly told to remove from where they published it, which removal was fully within their control and capability.

Plaintiff's interactions and dealings with other artists and galleries within the art community of his hometown Laguna Beach has been chilled as a result of this continued publication of false statements by one or more of these defendants. This amounts to harm in that it forecloses other opportunities to promote and sell plaintiff's artwork in other professional venues more interested in making sales of artwork than the current management of WC due to the deliberate misrepresentation of the facts surrounding plaintiff's termination of the display of his work and relationship with WC. Defendants have made no apparent effort to correct their publication with its deliberate false statements, despite at least three (3) separate written demands to cease and desist from all such unlawful actions, making their misconduct clear deliberate and egregious behavior with total disregard for the law, the rights of plaintiff, and the potential harmful impact of their deliberate false publication(s). This false publication and further verbal promotion of the related false narrative by at least defendant Cox around Laguna Beach has impacted plaintiff's professional reputation in the community, for which plaintiff now seeks compensation and relief.

Defendants' misconduct and resulting lost revenue & damaged reputation have led to an ongoing homeless state of living with substantial implicit hazards beyond reason or necessity & for which exemplary

& punitive damages are sought for their extreme arrogant, obstinate, totally unrepentant, flagrant, &  ongoing misconduct towards plaintiff, for which to date there has been no good faith effort on the part of defendants yet to resolve or remedy or relieve plaintiff for any of their outrageous & unlawful behaviors.

## COMPLAINT:

1.      Defendant Tony Cox and or Woods Cove Art Studio & Gallery, LLC committed breach of contract against AEllis D'Artisan on or before January 6, 2022 by their failure to publish photographic images of artworks upon the internet with the required accrediting annotation and hyperlink as defendant(s) contracted with AEllis D'Artisan in November 2021; further defendants displayed deliberate & egregious malice towards defendant after multiple notices to cease and desist their publication without the agreed upon accreditation and hyperlink and continued that same unauthorized publication contrary to the agreed upon contract until at least February 2023, without lawful or agreed compensation of any kind, even after legal notice(s) & demands were delivered to defendants and litigation had commenced against defendants on these same grounds.

2.      Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Buddha1" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

VERIFIED COMPLAINT - 15

3.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Buddha2" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

4.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Cookie1" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

5.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication,

VERIFIED COMPLAINT - 16

and use of the intellectual property and professional work product of AEllis

D'Artisan, to wit, their use & publication of "Cookie2" on woodscoveart.com outside

any granted license or permission; and which infringement was deliberate, malicious,

& egregious in that defendants persisted & continued in their unlawful infringement

and publication of this image on woodscoveart.com after multiple cease and desist

demands had been delivered to defendant(s) and or their attorneys, litigation against

defendants had commenced, and defendant(s) had removed and subsequently

republished this same image on woodcoveart.com without permission(s) or licensure

from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

6.      Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony

Cox violated copyright law(s) by and thru their unauthorized alteration, publication,

and use of the intellectual property and professional work product of AEllis

D'Artisan, to wit, their use & publication of "Cookie3" on woodscoveart.com outside

any granted license or permission; and which infringement was deliberate, malicious,

& egregious in that defendants persisted & continued in their unlawful infringement

and publication of this image on woodscoveart.com after multiple cease and desist

demands had been delivered to defendant(s) and or their attorneys, litigation against

defendants had commenced, and defendant(s) had removed and subsequently

republished this same image on woodcoveart.com without permission(s) or licensure

from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

7.      Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony

Cox violated copyright law(s) by and thru their unauthorized alteration, publication,

and use of the intellectual property and professional work product of AEllis

D'Artisan, to wit, their use & publication of "Lila Mars1" on woodscoveart.com

outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

8.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Lila Mars2" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

9.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Lila Mars3" on woodscoveart.com

outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

10.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Lotus1" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

11.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Lotus2" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious,

& egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

12.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Lotus3" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

13.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Meditation1" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease

VERIFIED COMPLAINT - 20

and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

14.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Meditation2" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

15.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their unauthorized alteration, publication, and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of "Meditation3" on woodscoveart.com outside any granted license or permission; and which infringement was deliberate, malicious, & egregious in that defendants persisted & continued in their unlawful infringement and publication of this image on woodscoveart.com after multiple cease

and desist demands had been delivered to defendant(s) and or their attorneys,
litigation against defendants had commenced, and defendant(s) had removed and
subsequently republished this same image on woodcoveart.com without permission(s)
or licensure from the registered copyright owner, AEllis D'Artisan for more than a
calendar year.

16.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony
Cox violated copyright law(s) by and thru their unauthorized alteration, publication,
and use of the intellectual property and professional work product of AEllis
D'Artisan, to wit, their use & publication of "RadiAngel1" on woodscoveart.com
outside any granted license or permission; and which infringement was deliberate,
malicious, & egregious in that defendants persisted & continued in their unlawful
infringement and publication of this image on woodscoveart.com after multiple cease
and desist demands had been delivered to defendant(s) and or their attorneys,
litigation against defendants had commenced, and defendant(s) had removed and
subsequently republished this same image on woodcoveart.com without permission(s)
or licensure from the registered copyright owner, AEllis D'Artisan for more than a
calendar year.

17.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony
Cox violated copyright law(s) by and thru their unauthorized alteration, publication,
and use of the intellectual property and professional work product of AEllis
D'Artisan, to wit, their use & publication of "RadiAngel2" on woodscoveart.com
outside any granted license or permission; and which infringement was deliberate,
malicious, & egregious in that defendants persisted & continued in their unlawful
infringement and publication of this image on woodscoveart.com after multiple cease

and desist demands had been delivered to defendant(s) and or their attorneys,
litigation against defendants had commenced, and defendant(s) had removed and
subsequently republished this same image on woodcoveart.com without permission(s)
or licensure from the registered copyright owner, AEllis D'Artisan for more than a
calendar year.

18.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony
Cox violated copyright law(s) by and thru their unauthorized alteration, publication,
and use of the intellectual property and professional work product of AEllis
D'Artisan, to wit, their use & publication of "RadiAngel3" on woodscoveart.com
outside any granted license or permission; and which infringement was deliberate,
malicious, & egregious in that defendants persisted & continued in their unlawful
infringement and publication of this image on woodscoveart.com after multiple cease
and desist demands had been delivered to defendant(s) and or their attorneys,
litigation against defendants had commenced, and defendant(s) had removed and
subsequently republished this same image on woodcoveart.com without permission(s)
or licensure from the registered copyright owner, AEllis D'Artisan for more than a
calendar year.

19.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony
Cox violated copyright law(s) by and thru their unauthorized alteration, publication,
and use of the intellectual property and professional work product of AEllis
D'Artisan, to wit, their use & publication of "GoddessGuitar1" on woodscoveart.com
outside any granted license or permission; and which infringement was deliberate,
malicious, & egregious in that defendants persisted & continued in their unlawful
infringement and publication of this image on woodscoveart.com after multiple cease

and desist demands had been delivered to defendant(s) and or their attorneys,
litigation against defendants had commenced, and defendant(s) had removed and
subsequently republished this same image on woodcoveart.com without permission(s)
or licensure from the registered copyright owner, AEllis D'Artisan for more than a
calendar year.

20.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony
Cox violated copyright law(s) by and thru their unauthorized alteration, publication,
and use of the intellectual property and professional work product of AEllis
D'Artisan, to wit, their use & publication of "GoddessGuitar2" on woodscoveart.com
outside any granted license or permission; and which infringement was deliberate,
malicious, & egregious in that defendants persisted & continued in their unlawful
infringement and publication of this image on woodscoveart.com after multiple cease
and desist demands had been delivered to defendant(s) and or their attorneys,
litigation against defendants had commenced, and defendant(s) had removed and
subsequently republished this same image on woodcoveart.com without permission(s)
or licensure from the registered copyright owner, AEllis D'Artisan for more than a
calendar year.

21.     Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony
Cox violated copyright law(s) by and thru their unauthorized alteration, publication,
and use of the intellectual property and professional work product of AEllis
D'Artisan, to wit, their use & publication of "GoddessGuitar3" on woodscoveart.com
outside any granted license or permission; and which infringement was deliberate,
malicious, & egregious in that defendants persisted & continued in their unlawful
infringement and publication of this image on woodscoveart.com after multiple cease

and desist demands had been delivered to defendant(s) and or their attorneys, litigation against defendants had commenced, and defendant(s) had removed and subsequently republished this same image on woodcoveart.com without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

22.   Defendant(s) Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox violated copyright law(s) by and thru their publication and use of the intellectual property and professional work product of AEllis D'Artisan, to wit, their use & publication of an unauthorized composite image of other copyrighted works by AEllis D'Artisan on woodscoveart.com outside any granted license or permission to adapt, use, or publish that derived image without permission(s) or licensure from the registered copyright owner, AEllis D'Artisan for more than a calendar year.

23.   Defendant Woods Cove Art Studio & Gallery, LLC and or defendant Tony Cox committed libel against AEllis D'Artisan beginning on or before January 21, 2022 by the deliberate publishing of unprivileged false statement(s) in writing about AEllis D'Artisan with the intent to expose him to hatred, contempt, and or ridicule, and or to cause him to be shunned or avoided by one or more other related professionals and thereby injured his professional prospects, occupation, reputation, and income and did so with deliberate malicious intent illustrated by their continued publication of those same false statement(s) after multiple legal demands to cease publication and related litigation.

## **RELIEF SOUGHT**

1.    Injunctive Relief barring defendants from any and all unlawful use of the subject works,

2.    Injunctive relief against defendants for the immediate and permanent removal or deletion of all related false statements and or publication(s);

3.    Injunctive relief against defendants requiring published retraction, correction, and apology for all false statement(s) against plaintiff.

4.    Actual compensatory damages to plaintiff at a fair market rate of five hundred dollars ($500) per image for each commercial use outside of any granted license;

5.    Statutory damages to plaintiff for copyright infringement;

6.    Compensatory damages to plaintiff for months of persistent libel by defendant(s) in an amount of one million five hundred thousand dollars ($1,500,000);

7.    Punitive or exemplary damages on all counts;

8.    All costs, fees, and expenses related to this and related litigation;

9.    Any other relief the court deems just and equitable.


Dated this 30th day of ~~April~~ December, 2023

AELLIS D'ARTISAN
plaintiff, pro se
%: 3479 Coastline Place
San Diego, CA 92107
obtenebrix@protonmail.com (all service
to be by electronic delivery this email,
mailing address cannot reliably deliver
to plaintiff)

VERIFIED COMPLAINT - 26

## **VERIFICATION**

### **STATE OF CALIFORNIA, COUNTY OF SAN DIEGO**

I, AEllis D'Artisan, hereby declare:

I am the plaintiff in this action. I have read the foregoing complaint and know

its contents. The matters stated in the foregoing complaint are true of my own

knowledge and belief and I believe them to be true in their entirety as presented and

documented. I hereby declare penalty of perjury under the laws of the State of

California that the foregoing is true and correct.

Executed on this _18_ day of ~~April~~ December, 2023 in San Diego County, California

AELLIS D'ARTISAN
plaintiff, pro se
obtenebrix@protonmail.com

# EXHIBIT #A



Screenshot taken January 6, 2022.

# EXHIBIT #B



# EXHIBIT #C

# EXHIBIT #D

The LIES posted below are another foolish act, very likely by one of the named defendants who doesn't realize posting and publishing such false statements (multiple) here constitute libel as well and may now require the complaint be amended to seek additional damages for these acts.

### SUPERIOR COURT OF CALIFORNIA

### ORANGE COUNTY

ALLEN ORTENBERG,
        Plaintiff,

vs.

TONY COX, WOODS COVE ART
STUDIO AND GALLERY LLC,
        Defendants

Case No.:

COMPLAINT

1: BREACH OF CONTRACT
2-22: COPYRIGHT
INFRINGEMENT

### JURISDICTION

All Parties reside and conduct business within Orange County, California. All related events occurred within Orange County, California. The subject

👍 5          ⤴ Share

**Response from the owner** 2 days ago
This is a former artist who has harassed one of our employees and others since we do not wish to present his work at our gallery. We don't steal from artists or anyone.

---

23:18

see and read for themselves. The proofs are attached to the complaint. "Copyright Infringement" is a legal term that simply defined = THEFT.

The LIES posted below are another foolish act, very likely by one of the named defendants who doesn't realize posting and publishing such false statements (multiple) here constitute libel as well and may now require the complaint be amended to seek additional damages for these acts.

👍 Helpful (5)          👎 Not Helpful

Woods Cove Art... Gallery (Owner)
5 days ago

This is a former artist who has harassed one of our employees and others since we do not wish to present his work at our gallery. We don't steal from artists or anyone.

# EXHIBIT #E

VERIFIED COMPLAINT - 32







# Buddha

Photo credit: AEllis Obtenebrix

Teak Wood figurative sculpture

# Buddha

Photo credit: AEllis Obtenebrix

Teak Wood figurative sculpture







# Cookie

Photo credit: AEllis Obtenebrix

Bronze figurative sculpture

# Cookie

Photo credit: AEllis Obtenebrix

Bronze figurative sculpture

# Cookie

Photo credit: AEllis Obtenebrix

Bronze figurative sculpture





http://woodscovec

## Lila Mars

Photo credit: AEllis Obtenebrix

Basswood figurative sculpture

http://woodscovec

## Lila Mars

Photo credit: AEllis Obtenebrix

Basswood figurative sculpture

http://woodscovec

## Lila Mars

Photo credit: AEllis Obtenebrix

Basswood figurative sculpture

## Lotus

Photo credit: AEllis Obtenebrix

Bronze figurative sculpture

http://woodscovec

## Lotus

Photo credit: AEllis Obtenebrix

Bronze figurative sculpture

http://woodscovec

## Lotus

Photo credit: AEllis Obtenebrix

Bronze figurative sculpture

# Meditation

Photo credit: AEllis Obtenebrix

Resin figurative sculpture



# Meditation

Photo credit: AEllis Obtenebrix

Resin figurative sculpture



# Meditation

Photo credit: AEllis Obtenebrix

Resin figurative sculpture













http://woodscovec

http://woodscovec



# Radi Angel

Photo credit: AEllis Obtenebrix

Mahogany base,
Riverwood/Unkown Burl



# Radi Angel

Photo credit: AEllis Obtenebrix

Mahogany base,
Riverwood/Unkown Burl



# Radi Angel

Photo credit: AEllis Obtenebrix

Mahogany base,
Riverwood/Unkown Burl




