JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aellis D Artisan, <br><br> PLAINTIFF(S) <br> v. <br><br> Woods Cove Art Studio and Gallery LLC, et al., <br><br> DEFENDANT(S) | **CASE NUMBER** <br><br> 8:23-cv-02468-JWH-KES <br><br> **ORDER ON REQUEST TO PROCEED** <br> ***IN FORMA PAUPERIS*** <br> **(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:



**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:



If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☐ WITHOUT PREJUDICE ☒ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| January 5, 2024 | John W. Holcomb  *(signature)* |
| Date | United States District Judge |

CV-73 (07/22)      ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On December 26, 2023, Plaintiff filed a Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1-2.) The Complaint raises claims for breach of contract, copyright infringement, and libel. (ECF No. 1.) The Complaint is duplicative of a First Amended Complaint that Plaintiff filed in a prior action, Case No. 8:23-cv-00630-JWH-ADS. The prior action was dismissed on October 13, 2023, for failure to prosecute.

The Court has reviewed the instant Complaint for whether the action is frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A Complaint may be dismissed as frivolous when it is barred by res judicata. See Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (per curiam); Franklin v. Murphy, 745 F.2d 1221, 1230 (9th Cir. 1984), abrogated on other ground by Neitzke v. Williams, 490 U.S. 319, 329 (1989). "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). As stated below, the instant action is barred by res judicata.

The instant action involves the same claims and parties as those involved in Plaintiff's prior action in Case No. 8:23-cv-00630-JWH-ADS. The prior action was dismissed under Federal Rule of Civil Procedure 41(b). (ECF No. 20.) An involuntary dismissal under Rule 41(b), unless the dismissal order states otherwise, "operates as an adjudication on the merits." Because the dismissal order in the prior action did not state that the dismissal did not operate as an adjudication on the merits (ECF No. 20), it precludes the instant action. See Owens, 244 F.3d at 713 (involuntary dismissal under Rule 41(b) acts as a judgment on the merits for the purposes of res judicata). Thus, the Complaint is dismissed.

Finally, leave to amend is not warranted. The instant action is barred by res judicata. See Cobb v. Juarez, 584 F. App'x 418, 419 (9th Cir. 2014) (amendment is futile where action is barred by res judicata); see also Lopez v. Smith, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc) (district court need not grant leave to amend when a case is frivolous or malicious). Thus, the Complaint is dismissed without leave to amend, and the action is dismissed with prejudice.